IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ALAN CHAR, #A0234438,<br><br>Plaintiff,<br><br>v.<br><br>MAURA TRESCH, *et al.*,<br><br>Defendants. | CIVIL NO. 23-00402 DKW-WRP<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 2, AND MOTION FOR APPOINTMENT OF COUNSEL, ECF NO. 3 |

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner (IFP Application), ECF No. 2, and a Motion for Appointment of Counsel (Motion for Counsel), ECF No. 3, filed by pro se Plaintiff Mark Alan Char.[1] Char's IFP Application is DENIED as incomplete, and his Motion for Counsel is DENIED as premature.

## I.  IFP APPLICATION

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of

---

[1] Char is currently incarcerated at the Halawa Correctional Facility.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0234438"; and select "Search") (last visited Sept. 23, 2023).

proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account statement for the six months preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).  A prisoner must submit trust account statements from each institution where he was confined during the relevant six-month period.  *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner."  *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/files/prose/Application%20To%20Proceed%20In%20Forma%20Pauperis%20By%20a%20Prisoner%20(IFP)%20and%20Instructions.pdf (last visited Sept. 29, 2023).  This form includes: (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined).  *See id.*  The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months.  *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater. 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). An initial partial filing fee will only be collected when funds exist. *See* 28 U.S.C. § 1915(b)(1). The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.*

Char's IFP Application is incomplete because it does not include account statements for the preceding six months showing all deposits and withdrawals to his account during that period. *See* ECF No. 2 at PageID.33. The account statement that Char submitted with his IFP Application is dated May 8, 2023—that is, more than four months ago. *Id.* Similarly, the IFP Application reflects that a prison official also certified Char's account balances on May 8, 2023 . *Id.* at PageID.31.

Char is DIRECTED to submit a complete IFP Application with a recent certification and recent trust account statements by **OCTOBER 18, 2023**. Failure to do so, or to pay the filing fee in full, by this date will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).

## II.  MOTION FOR COUNSEL

There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). A court may request, but cannot compel, counsel to appear *pro bono* on a plaintiff's behalf. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). The Court's discretion to appoint *pro bono* counsel is governed by several factors, including a plaintiff's likelihood of success on the merits and ability to articulate the claims in light of their complexity. A plaintiff must also show "exceptional circumstances" that support the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Char seeks appointment of counsel because, among other things, he is "unable to afford counsel," he has "limited access to the law library" and "limited knowledge," and counsel "would better enable [him] to present evidence." ECF No. 3 at PageID.36. It is evident that Char can read and write and is able to

4

coherently articulate his claims.  Every pro se prisoner's ability to litigate a case is hampered to some extent by their indigency and incarceration.  A cursory review of Char's claims does not reveal that they are particularly complex or show exceptional circumstances supporting the appointment of counsel.  Importantly, the Court has not screened Char's Complaint to determine whether it states a plausible claim for relief against the named Defendants and should be served.  Until then, it is impossible to determine Char's likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here.  *Terrell*, 935 F.2d at 1017.

Char's Motion to Appoint Counsel is DENIED without prejudice to his refiling another request after his Complaint has been screened, served, and Defendants have filed an Answer or other response.

### III.  CONCLUSION

(1) Char's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2, is DENIED without prejudice as incomplete.

(2) Char is DIRECTED to pay the filing fee in full, or to submit a complete IFP Application by **OCTOBER 18, 2023.**

//

(3) The Clerk is DIRECTED to send Char a blank Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

(4) Char's Motion to Appoint Counsel ECF No. 3 is DENIED.

IT IS SO ORDERED.

DATED: October 4, 2023 at Honolulu, Hawai'i.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Mark Alan Char v. Maura Tresch, et al.*; Civil No. 23-00402 DKW-WRP; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 2, AND MOTION FOR APPOINTMENT OF COUNSEL, ECF NO. 3**